OPINION
{¶ 1} Plaintiff-appellant The Personal Service Insurance Company appeals from the April 30, 2003, Judgment Entry of the Tuscarawas County Court of Common Pleas which found that defendant-appellee Dora A. Torch was an insured under a business auto coverage policy issued by The Personal Service Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellee Dora A. Torch [hereinafter appellee] was involved in an automobile accident in which she was driving her Jeep. Appellant's husband, defendant James Torch, was riding as a passenger at the time of the accident. The accident resulted from the negligence of Jennifer Dailey [hereinafter tortfeasor]. After settling her claims with the tortfeasor, who was insured, and her own personal automobile policy, appellee looked to her employer's insurance coverage, pursuant to Scott-Pontzer v.Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292. Appellee was an employee of the Multi County Juvenile Attention System [hereinafter Multi-County]. At the time of the accident, Multi County was insured through a business auto coverage policy issued by the plaintiff-appellant The Personal Service Insurance Company [hereinafter appellant].
 {¶ 3} Appellant filed a complaint for declaratory judgment on January 4, 2002. By Judgment Entry filed April 30, 2003, the trial court granted summary judgment finding that appellee Dora Torch was an insured under the business auto policy and that James Torch was not an insured under the policy.[1]
 {¶ 4} It is from the April 30, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred in denying appellant's motion for summary judgment with regard to the alleged underinsured motorists insurance claim of appellee dora a. torch, and in granting the appellee's cross motion for summary judgment, to appellant's prejudice.
 {¶ 6} "II. The trial court erred in imposing underinsured motorists coverage by operation of law under the personal service policy issued to a political subdivision as named insured.
 {¶ 7} "III. The trial court erred in finding the appellee dora torch qualified as an `insured,' for purposes of imputed underinsured motorists coverage, under the terms of the personal service business auto coverage form.
 {¶ 8} The parties herein have jointly stipulated thatWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, and In Re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888, 798 N.E.2d 1077, are applicable. They further stipulate that the trial court's entry of April 30, 2003, as it concerns appellee Dora Torch should be vacated.
 {¶ 9} Accordingly, the portion of the April 30, 2003, Judgment of the Tuscarawas County Court of Common Pleas which found appellee Dora Torch to be an insured under The Personal Service Insurance Company business auto coverage policy is hereby reversed. Further, pursuant to App. R. 12, final judgment is entered in favor of appellant The Personal Service Insurance Company.
Edwards, J. Farmer, P.J. and Wise, J. concur.
[1] Accordingly, appellant has not raised an issue on appeal concerning JamesTorch.